UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-90-KAC-JEM |
| | ) | |
| ALICIA N. GARY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Defendant Alicia N. Gary's Unopposed Motion to Continue Trial and All Associated Deadlines [Doc. 15], filed on October 7, 2025.

Defendant requests the Court to continue the trial date, set for November 18, 2025, and all associated deadlines [*Id.*]. In support of the motion, Defendant states that while the two count Indictment "is not particularly complex and is focused on a single day," the counts carry a combined mandatory minimum sentence of ten years [*Id.* ¶ 3]. Defendant notes that the discovery the Government provided to her counsel to date is not particularly voluminous, but it involves "multiple searches, both with and without a warrant, with different justifications that raise a number of Fourth Amendment issues that must be thoroughly researched and evaluated" to present to the Court in suppression motions [*Id.* ¶ 4]. Defendant's counsel has been diligent in undertaking this effort, but he still needs additional time to thoroughly review and analyze the Fourth Amendment issues and present them to the Court to provide effective representation to Defendant [*Id.* ¶ 5]. Defendant is detained pretrial and is being held in Laurel County, Kentucky [*Id.* ¶ 6]. Defendant's counsel has been able to meet once with Defendant to review discovery materials and

discuss the case but expects other visits will be necessary [*Id.*]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 8]. Defendant's counsel confirmed in an email to the Court that Defendant understands her right to a speedy trial and waives her rights for the purpose of the motion to continue.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant's counsel needs more time to review discovery, consult with Defendant, consider pretrial motions, and otherwise prepare for trial. The Court finds that all of this cannot occur before the November 18, 2025 trial date.

The Court therefore **GRANTS** Alicia N. Gary's Unopposed Motion to Continue Trial and All Associated Deadlines [**Doc. 15**]. The trial of this case is reset to **March 17, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on October 7, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

2

Case 3:25-cr-00090-KAC-JEM   Document 16   Filed 10/17/25   Page 2 of 3   PageID #: 34

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Alicia N. Gary's Unopposed Motion to Continue Trial and All Associated Deadlines [**Doc. 15**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **March 17, 2026, at 9:00 a.m.**, before the Honorable Katherine A Crytzer, United States District Judge;

(3) all time between the filing of the motion on **October 7, 2025**, and the new trial date of **March 17, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for pretrial motions is extended to **November 7, 2025**, and responses to motions are due on or before **November 21, 2025**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 17, 2026**;

(6) the deadline for filing motions *in limine* is **March 2, 2026**, and responses to motions *in limine* are due on or before **March 10, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **March 3, 2026, at 11:30 a.m.,** and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 6, 2026.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge