UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-90-KAC-JEM |
| | ) | |
| ALICIA N. GARY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the parties' Joint Motion to Continue Trial and All Associated Deadlines [Doc. 41], filed on February 9, 2026.

The parties ask to continue the March 17, 2026 trial date and all associated deadlines [*Id.* ¶ 1]. The undersigned conducted an evidentiary hearing on Defendant's three pending suppression motions on January 8, 2026 [*Id.* ¶ 2]. At the conclusion of the hearing, the Court permitted post-hearing briefs on the issues raised at the hearing [*Id.* ¶ 3]. The parties submit that the deadlines for post-hearing briefs are close in time to the current trial date, with the last briefing deadline falling on March 3, 2026 [*Id.*]. They aver that additional time is needed for the Court to consider and rule on the pending suppression motions before trial [*Id.* ¶¶ 4–5]. The parties assert that "the resolution of these motions is material to the preparation and presentation of the case for both sides" [*Id.* ¶ 4]. Defendant discussed the motion to continue with counsel, is aware that all time between the filing of the motion and the new trial date is excluded from the speedy trial calculation, and waives her speedy trial rights for the purposes of the motion [*Id.* ¶ 7].

Based upon the information in the joint motion and with the agreement of both parties, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, even accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). In this regard, on January 8, the undersigned held a hearing on three motions to suppress evidence and permitted post-hearing briefing, which will not conclude until March 3, 2026. *See id.* § 3161(h)(1)(D). The undersigned must prepare a report and recommendation on the issues raised in those motions. *See id.* § 3161(h)(1)(H). Thereafter, the parties will need time to file objections and responses to objections, and the District Judge will need time to rule on the motions considering the report and recommendation and the parties' filings. *See id.* § 3161(h)(1)(H). Additionally, the Court finds that counsel for both parties will need time to prepare for trial after receiving the Court's rulings on the motions. *See id.* § 3161(h)(7)(B)(iv). The Court finds that all of this cannot occur before the March 17, 2026 trial date.

The Court therefore **GRANTS** the parties' Joint Motion to Continue Trial and All Associated Deadlines [**Doc. 41**]. The trial of this case is reset to **August 4, 2026.** A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on February 9, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) the Joint Motion to Continue Trial and All Associated Deadlines [**Doc. 41**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **August 4, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **February 9, 2026**, and the new trial date of **August 4, 2026,** is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 2, 2026**;

(5) the parties are to appear before the undersigned for a final pretrial conference on **July 21, 2026, at 11:30 a.m.**;

(6) the deadline for filing motions *in limine* is **July 20, 2026,** and responses to motions *in limine* are due on or before **July 28, 2026**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 24, 2026.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge