UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,           )
                                     )
                Plaintiff,           )
                                     )
v.                                   )          No. 3:25-CR-90-KAC-JEM
                                     )
ALICIA N. GARY,                      )
                                     )
                Defendant.           )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the parties' Joint Motion to Continue Trial and All Associated Deadlines [Doc. 52], filed on July 16, 2026.

The parties ask to continue the August 4, 2026 trial date and all associated deadlines [*Id.* ¶¶ 1–2]. They give three reasons for the requested continuance [*Id.* ¶¶ 3–6]. First, they state the Government recently extended a plea offer, and Defendant needs time to confer with counsel on the agreement and to determine whether this matter may be resolved without a trial [*Id.* ¶ 3]. Second, the parties contend that Defendant needs time to review the Report and Recommendation [Doc. 51], filed on July 14, 2026; to determine whether to file objections; and to evaluate the effect of the Report and Recommendation on Defendant's decision regarding the ultimate resolution of the case [*Id.* ¶ 4]. If Defendant files objections to the Report and Recommendation, insufficient time remains for responses to objections and to receive a ruling on her suppression motions before the current trial date [*Id.*]. Finally, Defendant awaits receipt of laboratory reports on the alleged controlled substances upon which Count One is predicated and relating to the substances seized from Defendant's hotel room [*Id.* ¶¶ 5–6]. The parties anticipate that these laboratory reports,

which they need for trial preparation, will be available within two to three weeks [*Id*. ¶ 6]. Defendant has discussed the motion to continue with counsel, is aware that all time between the filing of the motion and the new trial date is excluded from the speedy trial calculation and agreed to the filing of the motion [*Id.* ¶ 9].

Based upon the information in the joint motion and with the agreement of both parties, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, even accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). In this regard, the parties need time to complete litigation of Defendant's three suppression motions, which involves filing and responding to objections, and for the District Judge to have time to rule on the motions considering the report and recommendation and the parties' filings. *See id.* § 3161(h)(1)(D), (H). Additionally, the Court finds that Defendant needs time to evaluate a plea offer and, if a plea agreement is not forthcoming, counsel for both parties will need time to prepare for trial after receiving the Court's rulings on the motions and receiving laboratory reports in discovery. *See id.* § 3161(h)(7)(B)(iv). The Court finds that all of this cannot occur before the August 4, 2026 trial date.

The Court therefore **GRANTS** the parties' Joint Motion to Continue Trial and All Associated Deadlines [**Doc. 52**]. The trial of this case is reset to **November 10, 2026.** A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between

2

the filing of the motion on July 16, 2026, and the new trial date is fully excludable time under the

Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) the Joint Motion to Continue Trial and All Associated Deadlines [**Doc. 52**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **November 10, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **July 16, 2026**, and the new trial date of **November 10, 2026,** is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **October 9, 2026**;

(5) the parties are to appear before the undersigned for a final pretrial conference on **October 27, 2026, at 11:30 a.m.**;

(6) the deadline for filing motions *in limine* is **October 26, 2026,** and responses to motions *in limine* are due on or before **November 3, 2026**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **October 30, 2026.**

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge

3